**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUSTIN CANNARELLA,                              )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )        Civil Action No. 1:22-cv-00518 (UNA)
                                                )
STATE OF NEW JERSEY, *et al*.,                  )
                                                )
                Defendants.                     )

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a state inmate currently designated to the Essex County Correctional Facility, located in Newark, New Jersey, has filed a complaint, ECF No. 1, supplemental notice, ECF No. 4, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Preliminarily none of plaintiff's submissions are captioned for this court, and the complaint and IFP application appear to be intended for New Jersey local courts, as they cite to the New Jersey Court Rules. Plaintiff's submissions therefore fail to comply with Federal Rule 10(a).

Plaintiff sues the state of New Jersey, Somerset and Union Counties in New Jersey, a local state prosecutor's office and public defender's office—both located in New Jersey—and Maria Munoz, another individual seemingly associated with plaintiff's state criminal proceedings. Plaintiff broadly takes issue with these proceedings, alleging prosecutorial misconduct, ineffective assistance of counsel, and violation of his constitutional rights. The relief sought is unclear, though it appears that plaintiff may seek damages.

First, federal review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in

1

the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C. § 2241(d).  Consequently, plaintiff has no recourse in this court to challenge the legality of his conviction and sentencing.

Second, to the extent that plaintiff seeks damages, the Eleventh Amendment to the U.S. Constitution immunizes state bodies from suit in federal court, unless immunity is waived.[1]  *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases).  A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'"  *Morris v. Wash. Metro. Area Transit Auth.*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted).  Plaintiff has neither pleaded nor established that New Jersey and its counties have expressly consented to be sued for damages.  Additionally, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process."  *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

Finally, plaintiff fails to articulate adequately the deprivation of a protected right against *any* of the defendants.  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction

---

[1]     The Amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.  It is long established that this Amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13–15 (1890).

. . . [does] not form a basis" for a constitutional violation.  *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.  The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."  *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Nor does plaintiff establish any connection between his intended claims and this District.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

For all of these reasons, this matter will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 12, 2022

3